## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 4:26-mj-00018-MCRI |
| v. | |
| ROBERT EDWARD MCCARTHY, | **MOTION FOR *BRADY* AND OTHER FAVORABLE MATERIAL** |
| Defendant. | |

Defendant, Robert Edward McCarthy, by and through undersigned counsel, hereby requests that the Government produce the following documents and other things pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and, in the alternative, requests that this Court issue an Order requiring the Government to produce all *Brady* and other favorable material. The production of *Brady* material to the Defendant should occur within thirty (30) days of receipt of this request or at least ten (10) days prior to trial. As grounds therefore, the undersigned would show as follows:

Under the United States Supreme Court decision in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), the United States Attorney has an obligation to produce all *Brady* material for the Defendant well in advance of the scheduled trial date.

The Defendant claims under *Brady* and its progeny, as well as the language and spirit of *Giglio v. United States*, 405 U.S. 105, 92 S.Ct. 763 (1972); *United States v. Tashman*, 478 F.2d 129 (5th Cir. 1973); *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173 (1959); *Alcorta v. Texas*, 355 U.S. 28, 78 S.Ct. 103 (1957); *Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340 (1935); and *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562 (1972), that he is entitled to certain information of the United States Attorney and all appropriate state, federal and local law enforcement agencies including, but not limited to, the following:

1. All statements by the Defendant, whether oral or written; if written, whether signed or unsigned.

2. All handwritten notes made by police or other investigating officers of their interview or conversation with the Defendant or any other witness.

3. Any oral, written or recorded statements made by any person to the United States Attorney's office, Grand Jury, or any law enforcement agency in connection with this case.

4. A copy of all tape or digital recordings, audio or video, made by or of the Defendant, witness, or any other person in connection with this case. If these recordings have been transcribed, then a copy of the transcription is also requested.

5.  Any and all investigation reports, information, or material, which tends to establish the Defendant's innocence, mitigates the Defendant's punishment, or impeaches, discredits, or contradicts the testimony of any witness whom the State or government will or may call at trial. *See Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793 (1967); *Napue*, 360 U.S. 264; *Giglio*, 405 U.S. 105.

6.  The names and addresses of all witnesses interviewed by the United States Attorney's office or any other law enforcement agency who might establish the Defendant's innocence, mitigate the Defendant's punishment, impeach, discredit, or contradict the testimony of any witness of the State or government whether or not the witness may testify at trial.

7.  Any and all photographs taken of the Defendant of any portion of his body.

8.  Any and all photographs taken at the scene of the alleged crime and/or the alleged victim or prosecuting witness.

9.  Any and all photographs that have been exhibited to any person for the purpose of establishing the identity of the perpetrator of the crime charged and the name and current address of the person or persons to whom the photographs were shown.

10. Any scientific or medical report which tends to establish the Defendant's innocence, mitigates the Defendant's punishment, or impeaches, discredits, or contradicts the testimony of any witness whom the State or government will call or may call at trial. *Ashley v. Texas*, 319 F.2d 80 (5th Cir. 1963), *cert. denied*, 375 U.S. 931, 84 S.Ct. 331 (1963). This request shall include any reports by or to the State Law Enforcement Division (SLED) criminalistic laboratory, Federal Bureau of Investigation laboratories, County Sheriff's Department laboratory or any other law enforcement laboratory concerning an examination made by said laboratories and/or personnel thereof, of any physical, photographic, oral or written evidence concerning the investigation of this case. This request is also meant to include scientific or medical reports from any private laboratory or private facility obtained by the State or government in the preparation of its case against the Defendant.

11. All reports from the State Law Enforcement Division (SLED), Sheriff's Department, or any other law enforcement agency, including the Federal Bureau of Investigation, concerning fingerprints checked in connection with this case.

12. All records of arrests or criminal convictions of the Defendant or any co-defendant and all State's witnesses in relation to this case. *Giglio*, 405 U.S. 105.

13. All "inconsistent" statements made by a particular witness or between witnesses, whether written or oral, that is known to the United States Attorney's office or any other law enforcement agency.

14.     Any statement or admission by a witness for or on behalf of the State with respect to the witness's memory or loss thereof.

15.     Whether or not any witness called before the Grand Jury or who has or will give testimony to any investigative agency or at trial has ever been psychiatrically hospitalized or undergone psychiatric treatment, examination, mental status examination or care and, if so, a list of names and addresses of the psychiatrists, therapists, and hospitals, and copies of any and all relevant records and reports.

16.     All notes or memoranda made by psychiatrists or other medical practitioners or mental health examiners of their conversations with the Defendant.

17.     Any and all plea bargains, promises, rewards, reductions in sentence or punishment, dismissals, agreements not to bring criminal charges or any other inducements made to any witness herein, whether or not they testified before any State or Federal Grand Jury, or other investigative agency, and regardless of whether or not they will testify at trial.

18.     Any and all memoranda, reports and correspondence to and from the various law enforcement agencies of the United States and all state, county, municipal and local law enforcement agencies regarding the investigation herein.

19.     Any and all physical or tangible items in the possession, custody or control of or which could reasonably be brought within the possession, custody or control of the United States Attorney's office, State, Federal or local law enforcement agency.

20.     Any document, statement, or other evidence or information regarding other similar crimes not attributed to the Defendant that raises an inference that someone other than the defendant may be responsible for the crime alleged in this case.

21.     To the extent not previously produced, any other information tending to cast doubt on a government witnesses' credibility including, but not limited to: a) any prior inconsistent statements of a government witness; b) any document, statement, or other evidence tending to show witness hostility; c) any document, statement, or other evidence that tends to call into question the capacity of the government witness to observe or recall events, places, individuals, or facts; d) any document, statement, or other evidence that is inconsistent with a witnesses' expected testimony; e) any document, statement, or other evidence of any rewards or promises, formal or informal, made by the government to the witness in exchange for the witnesses' statement, interview, or testimony; f) any document, statement, or other evidence concerning the prior bad acts of the government witness; g) prior criminal convictions of the government witness; h) presentence investigation reports of government witnesses or co-defendants; i) results of any polygraph examinations performed on government witnesses; j) records of any psychiatric treatment received by the government witness; k) probation or parole status of the government witness; l) the case number, jurisdiction, and a copy of the complaint

for any pending forfeiture proceedings, state or federal, involving any property of the government witness; m) any document, statement, or other evidence that the government witness has ever participated in the witness protection program; n) any document, statement, or other evidence that the government witness has ever been designated as an informant by any state or federal law enforcement agency; o) any document, statement, or other evidence showing any threat to a government witness for failure to testify in a certain manner; p) a copy of the government witnesses' tax returns for the last five (5) years; q) any document, statement, or other evidence tending to show the government witness was the target of the investigation in this case; and r) the personnel files of any government witness who is employed by any state or federal law enforcement agency.

22.    The Defendant contends that this Court should specifically direct the government in the spirit of fairness and equity, to seek and produce for the Defendant the documents, letters, records, and other items sought, irrespective of the State or government's determination of whether a witness's statement or a particular letter or exhibit can "help" the Defendant. The Defendant and his attorney, not the United States Attorney, should be the judge of his defense and the documents relevant thereto and necessary in support of same.

To the extent that Defendant is specifically required to demonstrate the materiality of the Requested information, the Defendant submits that this requirement is satisfied in this Motion. *United States v. Agurs*, 427 U.S. 97, 93 S.Ct. 2392 (1976).

Recognizing that *Brady v. Maryland*, and other authorities cited by the Defendant require that information favorable to the Defendant be made available, and further recognizing that a genuine disagreement may arise as to whether or not a particular item of evidence is favorable, it will be requested that the Court provide an in camera inspection of the items sought to be discovered should you feel such items are not favorable to the Defendant. By permitting the Court to examine the items requested, the legitimate interests of the State and government will be protected in that no disclosure in excess of *Brady, et al.* will occur. Further, it will be requested of the Court that said Order will be a continuing one, and if, prior to or during trial, the prosecution discovers additional evidence or material requested, the prosecution is hereby requested to promptly notify counsel for the Defendant of the existence of the additional evidence or material.

It is further requested that the prosecution promptly respond to the within request by notifying counsel for the Defendant of the existence and availability of the information requested herein within thirty (30) days of the receipt of this motion and at least ten (10) days prior to trial.

WHEREFORE, the undersigned prays for such Order requiring production of the above-

listed materials and for that which is just and proper.

**HOPKINS LAW FIRM, LLC**

*s/ William E. Hopkins, Jr.*
William E. Hopkins, Jr. (Fed ID #06075)
bill@hopkinsfirm.com
J. Clay Hopkins (Fed ID #12147)
clay@hopkinsfirm.com
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
(843) 314-4202 – Telephone
(843) 314-9365 – Facsimile

*ATTORNEYS FOR DEFENDANT*

April 14, 2026

Pawleys Island, South Carolina